**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE A. DAVIS, | |
|        Petitioner, | Civil Action No. 12-4404 (FLW) |
| v. | **MEMORANDUM and ORDER** |
| STATE OF NEW JERSEY, | |
|        Respondents. | |

**THIS MATTER** is before the Court upon the filing by *pro se* Petitioner Wayne A. Davis of a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, and it appearing that:

1. The § 2254 Petition challenges a judgment of conviction filed in the Superior Court of New Jersey, Monmouth County, on December 3, 2001. (Petition, ECF No. 1.)  Wayne A. Davis signed the Petition on July 6, 2012. (ECF No. 1 at 16.)  The Petition does not set forth any ground on which Davis claims that he is in custody in violation of the Constitution, laws, or treaties of the United States.

2. By Order entered July 19, 2012, this Court administratively terminated the case because Davis did not prepay the $5 filing fee or submit an application seeking permission to proceed *in forma pauperis*. (Order, ECF No. 2.)  The Order notified Davis that this Court would reopen the case if, within 30 days of the date of the entry of the Order, Davis either paid the $5 filing fee or filed an application to proceed *in forma pauperis;* the Order also directed the Clerk to forward a blank *in forma pauperis* form to Davis.  *Id.*

3. On August 17, 2012, the Clerk received from Wayne Davis the $5 filing fee, as well as an application to proceed *in forma pauperis*. (ECF No. 3.)

4. As a result of administrative error, the case was not appropriately reopened. This Court will direct the Clerk to reopen the file and will at this time review the sufficiency of the Petition.

5. Section 2254 confers jurisdiction on District Courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To invoke habeas corpus review by a federal court under § 2254, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the United States. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989); *see also Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). Consistent with these jurisdictional requirements, Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a § 2254 petition must "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," and follow the form appended to the rules or prescribed by a local district-court rule. 28 U.S.C. § 2254 Rule 2(c)(1), 2(c)(2), 2(d). Local Civil Rule 81.2 also provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a).

6. In this case, the § 2254 Petition filed by Wayne Davis is deficient for the following reasons: (a) the Petition does not assert any ground claiming that Davis's custody violates the Constitution laws or treaties of the United States, *see* 28 U.S.C. § 2254(a); and (b) the Petition does not specify the grounds for relief or state the facts supporting each ground, as required by Habeas

2

Rule 2(c); the Court further notes that the Petition is not on the form supplied by the Clerk for § 2254 petitions, *i.e.,* AO 241 (modified):DNJ-Habeas-008(Rev.01-2014), as required by Local Civil Rule 81.2(a), because at the time Wayne Davis filed the Petition, the modified form was not in effect;

**THEREFORE**, it is on this ___21st___ day of ___May___, 2014,

**ORDERED** that the Clerk shall reopen the case and shall make a new and separate docket entry reading "**CIVIL CASE REOPENED**;" and it is further

**ORDERED** that Petitioner's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that, for the reasons set forth in paragraph 6 of this Order, the Clerk shall administratively terminate this case for statistical purposes; and it is further

**ORDERED** that the Clerk shall make a new and separate docket entry reading "**CIVIL CASE TERMINATED**;" and it is further

**ORDERED** that Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F.App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that the Clerk shall forward to Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

**ORDERED** that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely; and it is further

**ORDERED** that if Petitioner wishes to reopen this case, then he shall so notify the Court, in writing addressed to the Clerk, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the form supplied by the Clerk, which petition shall specify the grounds on which Petitioner seeks habeas relief, specify the facts supporting each ground, and shall set forth all information requested on the form, to the extent that Petitioner has knowledge of same; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case and a completed and signed petition on the form supplied by the Clerk, the Clerk will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular U.S. mail at the address on the docket and at East Jersey State Prison, Lock Bag R, Rahway, New Jersey 07065, and shall administratively terminate the case for statistical purposes only.

    /s/ Freda L. Wolfson
**FREDA L. WOLFSON, U.S.D.J.**